Todd R. Wulffson, State Bar No. 150377
twulffson@cdflaborlaw.com
Ashley A. Halberda, State Bar No. 272762
ahalberda@cdflaborlaw.com
Serafin Tagarao, State Bar No. 289885
stagarao@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661
Facsimile: (949) 622-1669

Attorneys for Defendant
LUMENIS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELE LANHAM,<br><br>       Plaintiff,<br>v.<br><br>LUMENIS, INC.,<br><br>       Defendants. | Case No. 1:19-cv-00024-AKH<br><br>**DEFENDANT LUMENIS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); MEMORANDUM OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT THEREOF**<br><br>[Filed Concurrently with Request for Judicial Notice and [Proposed] Order] |

CAROTHERS DISANTE &
FREUDENBERGER LLP

1484777.1

DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO FRCP 12(c)

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...................................................6

I.  INTRODUCTION..................................................................................................6

II.  PROCEDURAL POSTURE AND RELEVANT FACTUAL

ALLEGATIONS...................................................................................................7

A. Procedural History...........................................................................................7

B. Plaintiff Begins Working as an Independent Contractor for Lumenis

Starting in 2011.............................................................................................. 8

C. Plaintiff Alleges Two Incidents of Alleged Sexual Harassment That

Occurred Outside of New York After April 12, 2018..........................................9

III. ARGUMENT AND AUTHORITIES.......................................................................10

A. Standard Under Rule 12(c) ............................................................................10

B. Plaintiff Cannot Assert Standing Under New York State Human

Rights Law Prior to April 12, 2018 Because She was Never an

Employee of Lumenis......................................................................................11

C. Plaintiff's Sexual Harassment and Retaliation Claims Should Be

Dismissed Because the Alleged Conduct Did not Occur in New York

on or After April 12, 2018 .............................................................................12

D. Plaintiff Cannot Assert a Sexual Harassment Claim Under the

NYSHRL on or After April 12, 2018 Because the Alleged Conduct

was not Severe or Pervasive ..........................................................................13

IV. CONCLUSION....................................................................................................15

CAROTHERS DISANTE &
FREUDENBERGER LLP

1484777.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andersen v. Rochester City Sch. Dist.,* 481 F. App'x 628, 630 (2d Cir. 2012) .............................. 14

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) ........................................................................................ 10

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) ..................................... 10

*Chavis v. Wal-Mart Stores, Inc,* 265 F. Supp. 3d 391, 401 ............................................................ 15

*Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir.2000) ........................................................ 13

*DiPilato v. 7-Eleven, Inc.,* 662 F. Supp. 2d 333, 348 ..................................................................... 11

*Douglass v. Rochester City Sch. Dist.,* 522 F. App'x 5, 7-8 (2d Cir. 2013) ................................... 14

*Griffin v. Sirva, Inc.,* 29 N.Y.3d 174, 186 (2017) .......................................................................... 11

*Hardwick v. Auriemma,* 116 A.D. 3d 465 (2014) ........................................................................... 12

*Harris v. Forklift Sys., Inc.,* 510 U.S. at 21, 114 S.Ct. 367 ........................................................... 13

*Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009) .............................................................................. 10

*Hoffman v. Parade Publications,* 15 N.Y.3d 285, 291 (2010). ....................................................... 11

*Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir.2001) ........................................................... 13

*Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) ................................................................. 10

*Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 542 (2017) .................................................... 15

*Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. at 65, 67, 106 S.Ct. 2399 ........................................ 13

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. at 81, 118 S.Ct. 998 ................................... 13

*Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009) .............................................................. 10

*Robles v. Cox & Co.,* 841 F.Supp.2d 615, 623 [E.D.N.Y.2012] .................................................... 12

*Scott v. Massachusetts Mut. Life Ins. Co.* 86 N.Y. 2d 429, 433-34 (1995) .................................... 11

*Shah v. Wilco Sys., Inc.,* 27 A.D.3d 169, 175, 806 N.Y.S.2d 553, 558 (2005) .............................. 12

*Sorrentino v. Citicorp,* 302 A.D.2d 240, 755 N.Y.S.2d 78 [1st Dept.2003 .................................... 12

*Torres v. Pisano,* 116 F.3d 625, 629, n. 1 (2d Cir.1997) ................................................................ 13

*Wahlstrom v. Metro–North Commuter R.R. Co.,* 89 F.Supp.2d 506, 527–528
[S.D.N.Y.2000] ............................................................................................................................ 12

Carollis DeSanti &
Frei henberger LLP

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Statutes**

Administrative Code of the City of N.Y. §§ 2–201, 8–101) ........................................................... 12

Exec. Law §§ 291, 296-301.......................................................................................................... 11

Executive Law § 296[1] [a],[e]..................................................................................................... 12

New York. Exec. Law § 290(2)..................................................................................................... 11

CAROTHERS DISANTI &
PRIESENBERGER LLP

1484777.1

**TO PLAINTIFF MICHELE LANHAM AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT as soon as the matter may be heard in Courtroom 14D before the Honorable Alvin K. Hellerstein, located at 500 Pearl Street, New York, New York 10007, Defendant Lumenis, Inc. ("Lumenis") will, and hereby does, move this Court through this motion for judgment on the pleadings for an order pursuant to Federal Rule of Civil Procedure 12(c) dismissing the Verified Complaint of Plaintiff Michele Lanham in its entirety.

Good cause exists to grant this motion in favor of Lumenis because Plaintiff does not have standing under either the New York State Human Rights Law or the New York City Human Rights Law as she was never an employee of Lumenis, Lumenis is not a New York employer, and the alleged acts against Plaintiff took place outside of New York.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, Request for Judicial Notice and Exhibits attached hereto, the papers and pleadings on file herein, and on such other evidence and argument as may be presented to the Court prior to or at the hearing on this motion.

Dated:  June 20, 2019        CAROTHERS DISANTE & FREUDENBERGER LLP
Todd R. Wulffson
Ashley A. Halberda
Serafin Tagarao


By: _Serafin Tagarao_
Serafin Tagarao
Attorneys for Defendant
LUMENIS, INC.

1484777.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Michelle Lanham ("Plaintiff") faces significant procedural hurdles that prevent her from pursuing her sexual harassment claims against Lumenis in this matter. The unsupported nature of Plaintiff's claims against Defendant are exemplified by the fact that Plaintiff's Verified First Amended Complaint asserts two competing theories of liability - that Lumenis is liable for her claims under the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL) on the basis that Plaintiff was both an employee and an independent contractor of Lumenis. (Request for Judicial Notice in Support of Defendant's Motion for Judgment on the Pleadings ("RJN"), ¶ 1, Exh. A (hereinafter "Complaint")). Plaintiff legally cannot be both. As Plaintiff has represented throughout the pendency of this case Plaintiff contends that she was an employee of Lumenis.

However, Plaintiff was never an employee of Lumenis. The evidence unequivocally confirms that Plaintiff, through her Florida registered recruiting firm, Ann Grogan Manhattan/National Recruitment Network, LLC, has always been, and still remains, in a business vendor relationship, which at most, renders her a potential independent contractor for Lumenis. A cursory review of Plaintiff's social media and corporate filings confirms that she is an independent business vendor. On LinkedIn, Plaintiff touts herself as a "NATIONAL" Medical and Pharmaceutical Sales and Management Recruiter …One of the top 1% most viewed @LinkedIn." Since January 2010, she has worked as the President/Owner of Ann Grogan Manhattan/National Recruitment Network, LLC, a recruiting firm that contracted with Lumenis to provide it with recruiting services. (RJN, ¶ 2, Exh. B).

Plaintiff's Fee Schedule and Guarantee with Lumenis further confirms their independent contractor relationship. In this Guarantee, Plaintiff and her recruiting firm charge Lumenis a flat

fee of $10,000 for Sales Representatives and negotiated fees for Sales Management positions. Notably, the Fee Schedule fails to mention any sort of exclusivity for Lumenis.  (RJN, ¶ 3, Exh. C). This is not the compensation structure indicative of an employment relationship.

Plaintiff's independent contractor status prevents her from filing suit under the NYSHRL and the NYCHRL because (1) protections for non-employees under these statutes only became effective April 12, 2018, and (2) even assuming these statutory protections extended to Plaintiff as an independent contractor after April 12, 2018, any conduct that allegedly occurred after April 12, 2018 took place outside of New York.  Given these critical flaws, Defendant respectfully requests that the Court dismiss Plaintiff's Verified Complaint with prejudice.

## II. <u>PROCEDURAL POSTURE AND RELEVANT FACTUAL ALLEGATIONS</u>[1]

### A. <u>Procedural History</u>

On November 26, 2018, Plaintiff commenced a civil action by filing a Summons with Notice in the Supreme Court of the State of New York in and for the County of New York entitled MICHELE LANHAM v. LUMENIS, INC., Index No. 160985/2018.

On November 29, 2018, Plaintiff filed a Verified Amended Complaint.  On December 31, 2018, Defendant filed its Answer to the Amended Complaint asserting all applicable affirmative defenses including the fact that Defendant was not Plaintiff's employer, and Plaintiff lacks standing to bring this action. On January 2, 2019, Lumenis filed its Notice of Removal removing the action to this Court.  (Doc. No. 1).  Plaintiff filed a First Amended Complaint on January 18, 2019.  *See generally* Complaint.  In the operative Complaint, Plaintiff alleges four causes of action for hostile work environment/sexual harassment and retaliation arising under the New York State Human

---

[1] Lumenis does not admit the allegations in Plaintiff's Complaint, but sets forth the Complaint allegations here insofar as they are assumed to have merit for the limited purpose of the court's determination of this motion. *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009)

CAROTHERS DISANTE & FREUDENBERGER LLP

1484777.1

Rights Law and New York City Human Rights Law. (Complaint ¶¶ 4, 166-206). On February 1, 2019, Defendant filed its Verified Amended Answer. (Doc. No. 12). On June 14, 2019, the parties appeared before the Honorable Alvin K. Hellerstein for an Initial Case Management Conference. At the Conference, the Court directed Lumenis to file this motion by June 21, 2019.

**B.      Plaintiff Begins Working as an Independent Contractor for Lumenis Starting in 2011**

Starting in 2011, Plaintiff began working as a recruiter for Lumenis. (Complaint ¶¶ 1, 21). Lumenis is "a global leader in the field of minimally-invasive clinical solutions for the Surgical, Ophthalmology and Aesthetic markets, and is a world-renowned expert in developing and commercializing innovative energy-based technologies, including Laser, Intense Pulsed Light (IPL) and Radio-Frequency (RF)." (Complaint ¶ 16). Organized under the laws of the State of Massachusetts, Lumenis' principal place of business is nearly three thousand miles away from New York City in San Jose, California. (Complaint ¶ 14; Doc. No. 1 at 3). Notably, Lumenis has no offices in New York and only employs a handful of sales persons in New York who work from their homes. (Complaint ¶ 17).

Consistent with her status as an independent contractor, Lumenis did not provide her documents regarding how to handle sexual harassment in the workplace or where she should complain if she felt she was the victim of or witness to harassment in the workplace. (Complaint ¶ 2). Lumenis tasked Plaintiff with locating and submitting candidates to work all sales divisions for multiple departments with Lumenis, nationwide. (Complaint ¶ 22).

On LinkedIn, Plaintiff touts herself as a "NATIONAL" Medical and Pharmaceutical Sales and Management Recruiter . . . One of the top 1% most viewed @LinkedIn. (RJN, ¶ 2, Exh. B). Under her experience, she lists herself as the President/Owner of her company Ann Grogan Manhattan/National Recruitment Network, LLC from January 2010 to Present. *Id.* Her profile fails to mention Lumenis anywhere. *See generally id.* The corporate filings for both of Plaintiff's

Carothers DiSante &
Freudenberger LLP

1484777.1

companies reveal that they have been based out of Florida since at least 2015 or 2016 and even show a Florida home address for Plaintiff.  (RJN, ¶¶ 4, 5, 6, Exhs. D, E, and F.)[2]

**C.    Plaintiff Alleges Two Incidents of Alleged Sexual Harassment That Occurred Outside of New York After April 12, 2018[3]**

On July 14, 2018, Plaintiff alleges she received text messages from "an employee that she recruited that she became acquainted with again at the Lumenis National Sales Meeting." (Complaint ¶ 79).  These text messages allegedly stated, "This is bad but I really want to have sex with you"; "Attracted to you from day 1"; "you're so hot between us," a picture of them together at the Sales Meeting, text messages stating, "Sorry just have always thought that. You're a cougar"; "Can't explain why, I guess ...; "Can I? If your single"; "First time we talked I was like holy shit and kept it professional, but I've always wanted to fuck you. Please keep confidential Michele"; "I'm sharp but a really horny guy for you," a picture of his erect penis, and text messages stating, "DO NOT SAY ANYTHING. That's for YOU"; "You're so sexy to me Michele"; "Just say yes or no seriously."  (Complaint ¶¶ 82-88).  Plaintiff admittedly "ignored the text messages." (Complaint ¶ 89).

Between July 23, 2018 and August 22, 2018, Plaintiff alleges Todd Rosa, another candidate Plaintiff recruited, about "his needs for "sex and blowjobs, as well as the referring to Plaintiff as his 'Sunshine.'" (Complaint ¶¶ 69, 90).  Plaintiff fails to allege any of these conversations occurred in New York.

As a result of this alleged conduct, Plaintiff complained to various Lumenis employees, and

---

[2] While Plaintiff purports to work for "Ann Grogan Manhattan" that entity does not exist.  *See RJN* ¶¶ 7-9, Exhs. G, H, and I.  Instead, the only Ann Grogan entities are "Ann Grogan & Associates, Inc." and "Ann Grogan of Tampa Bay, Inc.," both of which are based out of Florida and not New York.

[3] While Plaintiff alleges other conduct on behalf of Lumenis, as will be more fully shown below, none of that conduct is actionable because New York did not extend liability for conduct towards independent contractors until April 12, 2018.

as a result, she claims that less openings were assigned to her and she received less work. (Complaint ¶¶ 94-165).  Like the comments stated above, Plaintiff fails to allege she complained to any Lumenis employees in New York or that any decisions regarding her work were made in New York.

### III.  ARGUMENT AND AUTHORITIES

**A.**     **Standard Under Rule 12(c)**

In order to survive a Rule 12(c) Motion, the Plaintiff's Complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Johnson,* 569 F.3d 40 43-44 (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).  Such deference does not apply, on the other hand, to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009). Only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable. *See id.* at 1947–52.

In determining the sufficiency of the Complaint, the Court may rely on the complaint, the answer, any written documents attached to them, and any matter of which the court can take

CAROTHERS DISANTE &
FREUDENBERGER LLP

1484777.1

DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO FRCP 12(c)

judicial notice for the factual background of the case. *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009).

**B.** **Plaintiff Cannot Assert Standing Under the New York State Human Rights Law Prior to April 12, 2018 Because She was Never an Employee of Lumenis**

The NYSHRL prohibits discrimination in employment based on, *inter alia*, sex. Exec. Law §§ 291, 296-301. The NYSHRL governs discrimination only in traditional employer/employee relationships. Prior to April 12, 2018, the NYSHRL did not apply to independent contractors.[4] *DiPilato v. 7-Eleven, Inc.,* 662 F. Supp. 2d 333, 348 ("the [NYSHRL] does not provide for a cause of action for independent contractors"); *Scott v. Massachusetts Mut. Life Ins. Co.* 86 N.Y. 2d 429, 433-34 (1995).

In *Scott*, the Court of Appeals of New York held that the plaintiff, who was in a similar relationship with the defendant company as the relationship between Plaintiff and Lumenis, was an independent contractor and thus, had no standing to assert a claim under the NYSHRL. *Scott*, 86 N.Y. 2d 429 at 433-34. Such a holding supports the purpose of the NYSHRL – to protect inhabitants and persons who work in New York and fall within the class of persons who may bring employment discrimination claims in New York. Exec. Law § 290(2); *Hoffman v. Parade Publications,* 15 N.Y.3d 285, 291 (2010). Similar to the plaintiff in *Scott*, Plaintiff worked at most, as an independent contractor as well. Both had independent companies, both were paid by performance rather than a salary, both did not have Federal, State or local taxes withheld from their pay, and both worked with competitors.

Therefore, as the court found in *Scott*, Plaintiff has no standing to assert any claims against

---

[4] New York courts look at four factors to determine whether the requisite control is exercised to establish an employee/employer relationship: (1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct. *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017).

Carothers DiSante & Freudenberger LLP

1484777.1

Lumenis for conduct that occurred during her independent contractor relationship prior to April 12, 2018.

**C.**   **Plaintiff's Sexual Harassment and Retaliation Claims Should Be Dismissed Because the Alleged Conduct Did not Occur in New York on or After April 12, 2018**

Under both New York State law and the New York City Administrative Code, applicability of the NYCHRL is limited to acts occurring within the boundaries of New York City. *Shah v. Wilco Sys., Inc.,* 27 A.D.3d 169, 175, 806 N.Y.S.2d 553, 558 (2005). Both the NYSHRL and NYCHRL do not apply to acts of discrimination against New York residents committed outside their respective boundaries by foreign defendants (*see e.g. Sorrentino v. Citicorp,* 302 A.D.2d 240, 755 N.Y.S.2d 78 (1st Dept.2003); *see also* Executive Law § 296[1] [a],[e]; Administrative Code of the City of N.Y. §§ 2–201, 8–101). In analyzing where the discrimination occurred, "courts look to the location of the impact of the offensive conduct." *Robles v. Cox & Co.,* 841 F.Supp.2d 615, 623 (E.D.N.Y.2012). It is the place where the impact of the alleged discriminatory conduct is felt that controls whether the Human Rights Laws apply, not where the decision is made. *See Hoffman v. Parade Publs.,* 15 N.Y.3d at 290–292, 907 N.Y.S.2d 145, 933 N.E.2d 744; *Robles v. Cox and Co., Inc.,* 841 F.Supp.2d at 623–624. This standard applies whether the claim is made under the City or State Human Rights Laws. *Hoffman,* 15 N.Y.3d at 289–291, 907 N.Y.S.2d 145, 933 N.E.2d 744; *see also Hardwick v. Auriemma,* 116 A.D. 3d 465 (2014) (no retaliation found where director worked in New York and decisions about her Olympics assignments allegedly took place within City, impact of alleged discriminatory conduct was felt in London, where director claimed she was relegated to inferior tasks not commensurate with her usual assignments, and her job in New York apparently was not affected). In *Wahlstrom v. Metro–North Commuter R.R. Co.,* 89 F.Supp.2d 506, 527–528 (S.D.N.Y.2000), for example, the court refused to apply the NYCHRL to an employee's claim for sexual harassment based on hostile work environment because the

CARROTHERS DESANTI &
FREUDENBERGER LLP

1484777.1

complained-of incidents took place outside of New York City.

Here, Plaintiff's sexual harassment and retaliation claims fail because Plaintiff fails to allege that any of the alleged conduct after April 12, 2018, occurred in New York.  Plaintiff fails to allege she complained to any Lumenis employee in New York, she fails to allege that the decision to limit her recruiting was made in New York, and none of the alleged conversations occurred in New York.

**D.**   **Plaintiff Cannot Assert a Sexual Harassment Claim Under the NYSHRL on or After April 12, 2018 Because the Alleged Conduct was not Severe or Pervasive**

It is well settled that "claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII." *Torres v. Pisano*, 116 F.3d 625, 629, n. 1 (2d Cir.1997).  To prevail on a claim of sexual harassment based on a hostile work environment, a plaintiff must establish two elements: " '(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his or] her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer.  *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004).  Notably, as the United States Supreme Court has observed, Title VII does not establish a "general civility code" for the American workplace. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. at 81, 118 S.Ct. 998. Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment. *See id.; Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir.2001). The plaintiff must adduce evidence sufficient to permit a reasonable jury to conclude that her workplace was "permeated with 'discriminatory intimidation, ridicule, and insult,' that [was] 'sufficiently severe or pervasive to alter the conditions of [her] employment.' " *Harris v. Forklift Sys., Inc.*, 510 U.S. at 21, 114 S.Ct. 367 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. at 65, 67, 106 S.Ct. 2399); *accord Cruz v. Coach Stores, Inc.*,

CARMITHERS DISANTE &
FREUDENBERGER LLP

1484777.1

202 F.3d 560, 570 (2d Cir.2000).

As a non-employee, Plaintiff must also establish that the employer knew or should have known of the harassment but failed to take immediate and appropriate corrective action.  Exec. Law § 296-d.  "[I]n reviewing such cases involving non-employees, the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of the harasser shall be considered." *Id.*

Here, Plaintiff cites to two isolated incidents after April 12, 2018 to support her hostile work environment claim.  The first involved text messages exchanged with "an employee *that she recruited* [and] *that she became acquainted with again* at the Lumenis National Sales Meeting" that she admittedly "ignored." (Complaint ¶¶ 79-89).  The second involved alleged comments by Todd Rosa, *another candidate Plaintiff recruited,* about "his needs for "sex and blowjobs, as well as the referring to Plaintiff as his 'Sunshine.'" (Complaint ¶¶ 69, 90).  None of this alleged conduct could support a hostile work environment claim because Lumenis has no offices in New York.  In order for harassment occurring outside the workplace to support a hostile work environment claim, there must be a greater connection between the harassment and the work environment.  *Andersen v. Rochester City Sch. Dist.*, 481 F. App'x 628, 630 (2d Cir. 2012) (finding no hostile work environment claim where the alleged harassment occurred entirely out-of-school and therefore no reasonable jury could find that such conduct permeated the plaintiff's workplace with discriminatory intimidation, ridicule and insult." *Id.*  Similarly here, Plaintiff fails to allege that any of the alleged conduct occurred in Lumenis' offices; instead, she alleged these incidents occurred solely through text messages and phone calls.  Thus, such conduct could not have "permeated" the workplace with "discriminatory intimidation, ridicule, and insult."

Plaintiff's hostile work environment claim further fails because the alleged comments constitute at most, simple teasing, offhand comments, or isolated incidents of offensive conduct.

CARUTHERS DISANTE &
FREUDENBERGER LLP

1484777.1

Such comments without more cannot support a hostile work environment claim. *See Douglass v. Rochester City Sch. Dist.*, 522 F. App'x 5, 7-8 (2d Cir. 2013) (finding no hostile work environment where the plaintiff was addressed discourteously, denied requests for athletic and other equipment, excluded from meetings, and referred to parts of her anatomy in a demanding fashion); *Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 542 (2017) (finding no hostile work environment even though the plaintiff was subject to rude and unbecoming comments by a colleague); *Chavis v. Wal-Mart Stores, Inc,* 265 F. Supp. 3d 391, 401 (finding no hostile work environment even though the plaintiff was subject to increased review and surveillance, disciplinary coaching, the disclosure of her accommodation to other store employees, a comment by a manager in front of other employees that the manager would need to grant Plaintiff an exception to the dress code to continue wearing skirts, and a comment by another manager describing the plaintiff as "the fuel that feeds the fire").

## IV.  CONCLUSION

Based on the foregoing, Lumenis respectfully requests that the Court grant its motion for judgment on the pleadings in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated:  June 20, 2019

CAROTHERS DISANTE & FREUDENBERGER LLP
Todd R. Wulffson
Ashley A. Halberda
Serafin Tagarao

By: _____Serafin Tagarao_____
　　　　　　Serafin Tagarao
Attorneys for Defendant
LUMENIS, INC.

DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO FRCP 12(c)

CAROTHERS DISANTE &
FREUDENBERGER LLP

1484777.1