USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHELE LANHAM,

                Plaintiff,

     -against-

LUMENIS, INC.,

                Defendant.
---------------------------------------------------------------X

Civil Action No.:
19-CV-00024-AKH

**STIPULATION AND ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED by and between the undersigned counsel for the parties in the above-captioned action as follows pursuant to this Stipulation and Order of Confidentiality (the "Stipulation"):

1. This Stipulation shall apply to documents marked "Confidential" or "AEO" (meaning for "Attorneys' Eyes Only") by counsel for any party in this action, which shall be referred to herein as the "Confidential Documents."

2. The Confidential Documents shall be used by the parties and their attorneys solely for the purpose of preparing and conducting this litigation. No party or person subject to this Stipulation may disclose such information or material to anyone else except as this Stipulation expressly permits.

3. Neither the Confidential Documents themselves, nor any of the information contained in the Confidential Documents, may be disclosed or used by the parties or their attorneys for any other purpose without further Order of this Court. Neither the Confidential Documents themselves, nor any information contained in the Confidential Documents, may be given, shown, made available or communicated by the parties or their attorneys in any way, either in writing or verbally, to anyone except:

1

a. The Court (including clerks and other court personnel);

b. Counsel to the parties, including any members of such counsel's law office;

c. The parties, including any employees and board members of such parties, to the extent deemed by counsel disclosing such information to be necessary for the purpose of assisting in the prosecution or defense of this litigation;

d. Court reporters who record deposition or other testimony in the litigation;

e. Experts or consultants retained in connection with the litigation, provided that such experts or consultants are using such information solely in connection with this litigation;

f. Any other person, upon written consent of counsel for the parties.

4. Any documents marked AEO shall be reviewed by the attorneys only to the parties to this litigation.

5. Any Confidential Documents, or quotations from or references to Confidential Documents, which are included with papers filed with the Court, shall be filed in an envelope marked "Confidential -- Subject to Stipulation and Order of Confidentiality." Such documents shall not be filed electronically with the Court unless notice of intention to file such documents has been provided in advance to opposing counsel.

6. Should any documents be produced by non-parties in this litigation pursuant to subpoena, such documents shall automatically be deemed Confidential Documents pursuant to this Stipulation.

7. If any Party disputes, in good faith, that any specific document or piece of information produced pursuant to this Stipulation and Order is Confidential Material, the disputing Party shall provide notice of its dispute and the basis therefore. The Parties shall attempt to resolve by agreement whether or on what terms the document or information is entitled to confidential treatment. If the Parties are unable to agree as to whether or on what terms a document or information should be designated as Confidential Material, the designating Party must seek, within five (5) days, a ruling from the Court that the document or information is Confidential Material, subsequent to the application from the designating party, and subject to the provisions of this Stipulation and Order, unless and until the Court determines that the document or information is not Confidential Material.

8. Nothing in this Stipulation shall prevent any Party from producing any information or materials in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

9. Nothing contained in this Stipulation will be construed as: (a) a waiver by a party hereto or person of its right to object to any discovery request in any subsequent legal proceedings; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Within 30 days of the conclusion of this action or upon other agreement of

the parties, counsel shall either return to opposing counsel or destroy all such Confidential Documents, including all copies made of such Confidential Documents.

11. This Stipulation may be amended at any time by stipulation/agreement of the parties or by order of the Court.

Dated: December 19, 2019  
Syosset, New York

Law Offices of Yale Pollack, P.C.

By: /s/ Yale Pollack
Yale Pollack, Esq.  
*Attorneys for Plaintiff*  
66 Split Rock Road  
Syosset, N.Y. 11791  
(516) 631-6340

Dated: December __, 2019  
New York, New York

Havkins Rosenfeld Ritzert & Varriale, LLP

By: /s/ CV
Carla Varriale, Esq.  
*Attorney for Defendants*  
1065 Avenue of the Americas, 8th Floor  
New York, New York 10018  
(212) 488-1958

**SO ORDERED:**

Dated: ~~December~~ 1-2-20, 2019  
New York, New York

Hon. Alvin K. Hellerstein  
United States District Judge

4